IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| NORTH AMERICAN SPECIALTY<br>INSURANCE COMPANY<br>1450 American Lane, Suite 1100<br>Schaumburg, IL 60173<br><br>                **Plaintiff,**<br>v.<br><br>THE PHOENIX CORPORATION, d/b/a<br>TPC GLASS, INC.<br>611 Industrial Park Drive<br>Newport News, VA 23608<br><br>      Serve: Daniel R. Quarles, Esq.<br>            485 McLaws Circle<br>            Williamsburg, VA 23185<br>and<br><br>WELD TECHNOLOGY OF VIRGINIA, LLC<br>611 Industrial Park Drive<br>Newport News, VA 23608<br><br>      Serve: Daniel R. Quarles, Esq.<br>            485 McLaws Circle<br>            Williamsburg, VA 23185<br>and<br><br>RANDY D. POLLARD, an individual<br>      Serve: Randy D. Pollard<br>            426 Waterview Lane<br>            Mathews, VA 23109<br><br>and<br><br>RITA E. POLLARD, an individual<br>      Serve: Rita E. Pollard<br>            426 Waterview Lane<br>            Mathews, VA 23109<br><br>                **Defendants.** | Civil Action No.   4:17cv120 |

## COMPLAINT

COMES NOW Plaintiff North American Specialty Insurance Company ("NAS"), by counsel, and hereby states the following as its complaint against The Phoenix Corporation, d/b/a TPC Glass, Inc., Weld Technology of Virginia, LLC, Randy D. Pollard, and Rita E. Pollard (collectively, the "Defendants"):

## PARTIES AND JURISDICTION

1. Plaintiff NAS is a New Hampshire corporation with its principal place of business in Overland Park, Kansas. Among other things, NAS is a national surety company engaged in the business of construction and surety bonding. NAS is duly authorized to transact business in the Commonwealth of Virginia.

2. Upon information and belief, Defendant Phoenix Corporation ("Phoenix Corporation") is a Virginia corporation with its principal place of business in Newport News, Virginia.

3. Upon information and belief, Defendant Phoenix Corporation is d/b/a as Defendant TPC Glass, Inc.

4. Upon information and belief, Defendant Weld Technology of Virginia, LLC is a limited liability company located in Newport News, Virginia.

5. Upon information and belief, Defendant Randy D. Pollard resides in the Commonwealth of Virginia, and is the president of The Phoenix Corporation, d/b/a TPC Glass, Inc., and Weld Technology of Virginia, LLC.

6. Upon information and belief, Defendant Rita E. Pollard resides in the Commonwealth of Virginia and is the wife of Randy D. Pollard.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship of the parties hereto and because the amount in controversy exceeds $75,000.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all defendants reside, or are located in, the Commonwealth of Virginia.

## STATEMENT OF FACTS

9. This Complaint seeks to enforce the rights of NAS, as surety, under a General Indemnity Agreement, and to compel the specific performance of the respective contractual obligations of the Phoenix Corporation, d/b/a TPC Glass, Inc., Weld Technology of Virginia, Inc., Randy D. Pollard, and Rita E. Pollard (collectively the "Indemnitors" or "Defendants"), among other things and upon demand, exonerate and indemnify NAS by: (a) immediately reimbursing NAS for any and all losses, (b) depositing funds NAS deems sufficient to discharge all losses incurred by NAS, and (c) procuring the full and complete discharge of NAS, all in relation to a number of performance and payment bonds it issued on behalf of the Indemnitors.

### Establishment of the Surety Relationship

10. In 2011, to satisfy the bonding requirements for several contracts, The Phoenix Corporation, also d/b/a TPC Glass, Inc., requested that NAS issue surety bonds on its behalf for several construction projects it was pursuing in Virginia and New Hampshire.

11. In furtherance of its request for surety bonds, The Phoenix Corporation, TPC Glass, Inc., Weld Technology of Virginia, Inc., Randy D. Pollard, and Rita E. Pollard executed and delivered to NAS a general indemnity agreement (the "GIA") dated September 26, 2011, binding themselves to be jointly and severally liable to NAS in the event of any loss on the bonds.

12. The Phoenix Corporation, TPC Glass, Inc., Weld Technology, Inc., Randy D. Pollard, and Rita E. Pollard all agreed to be indemnitors as defined in the GIA as consideration for the issuance of the bonds. A true and correct copy of the GIA is attached hereto as **Exhibit 1** and incorporated herein by reference.

13. Under the terms of GIA, the Indemnitors specifically agreed to:

> exonerate, hold harmless, and indemnify [NAS] from and against any and all Loss. For the purpose of this Agreement, Loss means any liability, loss, costs, damages, attorneys' fees, consultants' fees, and other expenses, including interest, which [NAS] may sustain or incur by reason of, or in consequence of, the execution of the Bonds (or any renewals, continuations or extensions). Loss includes but is not limited to the following: (a) sums paid or liabilities incurred in the settlement of claims; (b) expenses paid or incurred in connection with the investigation of any claims; (c) sums paid in attempting to procure a release from liability; (d) expenses paid or incurred in the prosecution or defense of any suits; (e) any judgments under the Bonds; (f) expenses paid or incurred in enforcing the terms of this Agreement; (g) sums or expenses paid or liabilities incurred in the performance of any Bonded contract or related obligation; and (h) expenses paid in recovering or attempting to recover losses in expenses paid or incurred. Loss expressly includes attorneys fees incurred in defending claims, protecting [NAS's] interest in any bankruptcy or insolvency proceeding, arranging for [NAS's] performance of its obligations, evaluating, settling, and paying claims, seeking recovery under the terms of this Agreement from the Indemnitors, and pursuing [NAS's] common law rights to seek recovery of losses from others, including third parties.

*See* Exhibit 1, GIA, paragraph 2.

14. Moreover, under the terms of the GIA, the Indemnitors specifically agreed to, "[u]pon demand of [NAS] . . . deposit with [NAS] a sum of money as collateral security on the Bonds. *See* Exhibit 1, GIA, paragraph 3.

15. Further, under the GIA, the Indemnitors agreed to:

> In the event of a default or breach of this Agreement . . . assign, transfer, pledge and convey to [NAS] all of their rights under the contracts referred to in all Bonds issued by [NAS] and under all unbonded contracts, including their right, title and interest in and to…. (c) all earned and unearned contract funds and all sums due or which may become due for all changes, claims and extras under any contracts in which any of the Indemnitors have an interest.

4

See Exhibit 1, GIA, paragraph 5.

16. In reliance on the GIA, and at the request of the Defendants, NAS, as surety, issued performance and payment bonds ("Bonds") in 2011 and 2012 on behalf of Phoenix Corporation d/b/a TPC Glass Inc., on the following projects:

　　a. Building 1215 Steam Plant Control Room, Hampton Virginia, in the penal sum of $258,081.00 (Payment Bond No. 2083063) ("Hampton Project");

　　b. Modifications to Laser/Lidar Lab, Hampton Virginia in the penal sum of $822,669.00 (Payment Bond No. 2146892) ("Lab Project");

　　c. Water Splashpad at Norview Community Center, New Hampshire, in the penal sum of $597,583.20 (Payment Bond No. 2152030) ("Community Center Project"); and

　　d. TCC Chesapeake Student Center (Glass & Glazing), New Hampshire, in the penal sum of $1,200,190.00 (Performance Bond No. 2152043) ("Student Center Project").

**Bond Claimants and NAS Losses**

17. On the Hampton Project, NAS has incurred a loss of approximately $149,994.02 for Payment Bond No. 2083063, with partial recovery of $10,207.00, for a net loss of $139,787.02, by having to make payments to subcontractors and suppliers claiming non-payment for labor and/or materials supplied to Phoenix Corporation, d/b/a TPC Glass, Inc.

18. On the Lab Project, NAS has incurred a loss of approximately $198,774.02 for Payment Bond No. 2146892, by having to make payments to subcontractors and suppliers claiming non-payment for labor and/or materials supplied to Phoenix Corporation, d/b/a TPC Glass, Inc.

19. On the Community Center Project, NAS has incurred a loss of approximately $28,790.98 for Payment Bond No. 2152030, by having to make payments to subcontractors and suppliers claiming non-payment for labor and/or materials supplied to Phoenix Corporation, d/b/a TPC Glass, Inc.

20. On the Student Center Project, NAS incurred a loss of $365,000.00 for Performance Bond No. 2152043 by having to pay the obligee, S.B. Ballard Construction Company, due to the Defendants' alleged failure to complete its contractual obligations.

21. To date, NAS has paid claims and incurred costs in an amount exceeding a total of approximately $732,352.02 to settle and respond to claims on both the payment and performance bonds issued on behalf of The Phoenix Corporation, d/b/a TPC Glass, Inc.

22. Additionally, NAS has incurred attorney's fees and consultant fees to respond to the bond claims and pursue NAS's indemnity rights in an amount in excess of $167,286.74.

23. On or about 2013, the Phoenix Corporation, d/b/a TPC Glass, filed a Chapter 11 bankruptcy petition. Weld Technology of Virginia, LLC was listed as a co-debtor in Phoenix's Chapter 11 bankruptcy matter. The petition was dismissed by the Court one month after the filings, with no discharge granted.

24. Pursuant to paragraph 2 of the GIA, NAS made written demand upon the Phoenix Corporation, d/b/a TPC Glass, Inc., Weld Technology of Virginia, LLC, Randy D. Pollard and Rita E. Pollard to fulfill their contractual obligations to indemnify NAS Surety for all of its outstanding losses.

25. Despite demand, the Indemnitors, Randy and Rita Pollard have failed to reimburse or indemnify NAS for the losses incurred by NAS arising out of the Bonds.

26. All conditions precedent to filing suit have been satisfied.

## COUNT I – BREACH OF CONTRACT
**(Contractual Indemnity Against the Indemnitors)**

27. Paragraphs 1 through 26 above are incorporated by reference as if set forth in full herein.

28. Pursuant to the express terms of the GIA, the Indemnitors agreed, jointly, severally and individually, to indemnify and hold NAS harmless from and against all loss, costs and expenses, including but not limited to attorneys' fees, incurred by NAS in any way related to the issuance of any bonds on behalf of the Phoenix Corporation, d/b/a TPC Glass, Inc. This includes any and all losses, costs, and expenses of whatsoever kind or nature incurred by NAS in enforcing its rights under the GIA.

29. Pursuant to its obligations under Payment Bond Nos. 2083063, 2146892, and 2152030, and Performance Bond No. 2152043, NAS has suffered losses and incurred expenses in an amount well in excess of $732,352.02.

30. As a direct and proximate result of having executed the Bonds, NAS has also incurred additional liabilities, costs, and expenses including attorneys' fees in an amount not less than $167,286.74. The Defendants are obligated to indemnify NAS for all of these losses and expenses pursuant to the GIA. Furthermore, NAS continues to incur attorneys' fees, costs and expenses, all of which Defendants are obligated to indemnify NAS for pursuant to the GIA.

31. NAS gave notice of its claim and demanded that the Indemnitors indemnify and make NAS whole for any and all losses and expenses incurred.

32. The Indemnitors have failed to honor their obligations arising under the express terms of the GIA.

33. The Indemnitors' failure to indemnify NAS constitutes a material breach of their indemnity obligations under the GIA.

34. NAS is entitled to contractual indemnification jointly and severally from the Indemnitors for all losses, costs, damages, attorney's fees and expenses incurred by NAS arising out of the principal's defaults.

**WHEREFORE**, NAS respectfully prays that this Court enter judgment in its favor, jointly and severally, against Weld Technology of Virginia, LLC, and Randy D. Pollard, and Rita E. Pollard in the amount of $922,349.21, together with interest, costs, and attorney's fees and expenses incurred by NAS in this litigation, and any further relief this Court deems just and proper.

### COUNT II – SPECIFIC PERFORMANCE
**(Collateral and Audit)**

35. NAS incorporates by reference the allegations of paragraphs 1-34 as if set forth in full herein.

36. The Indemnitors are in breach of the GIA for failing to make payment to subcontractors and suppliers as required under the Contracts and/or failing to perform as required by the Contracts.

37. NAS has demanded that Defendant Indemnitors fulfill their contractual obligations to indemnify NAS for all losses it incurred by reason of issuing the Bonds.

38. Pursuant to paragraph 14 of the GIA, NAS is entitled to full access of the books and records of the Corporate Indemnitors, The Phoenix Corporation, d/b/a TPC Glass, Inc. and Weld Technology of Virginia, LLC.

39. Defendants have failed and refused to repay any portions of the debt or post the required collateral, have not provided information on accounts receivables, and have not provided NAS full access to its books and records.

40. Under the express terms of the GIA, paragraph 5, upon default, the Indemnitors, assign, transfer, pledge and convey to NAS all of their rights, title and interest to any and all sums

due or which may thereafter become due under the Bonded contracts, as well as to all sums due or which may become due for unbonded contracts of the Indemnitors.

**WHEREFORE** the stated reasons, NAS requests that the Court enter an Order granting specific performance of the following:

A. Assigning, transferring, and conveying to NAS all right, title and interest in any contract in which the Defendants, jointly or severally, have an interest, including the Bonded contracts identified herein and any unbonded contracts;

B. Requiring the Defendants to post collateral with NAS sufficient to cover the expected losses on the Bonds;

C. Granting NAS full and immediate access to control the bank deposit accounts and other accounts of The Phoenix Corporation, Weld Technology of Virginia, LLC, Randy D. Pollard, and Rita E. Pollard; and

D. Granting to NAS full access to all books and records of Defendants.

## COUNT III – QUIA TIMET

41. NAS incorporates by reference the allegations of paragraphs 1-40 as if set forth in full herein.

42. Pursuant to the terms of the GIA, Defendants agreed to indemnify and hold NAS harmless from any and all liability, claims, and demands as a result of NAS having provided bonds to the Phoenix Corporation, d/b/a TPC Glass, Inc.

43. Payment of funds to NAS equal to the amount of a reserve of $922,349.31 will serve to keep NAS indemnified for future payments, losses, costs, expenses, and attorneys' fees that NAS will incur as a result of Defendants' breach of their obligations under the Bonds and GIA.

44.     Quia timet is necessary to prevent the misuse and/or dissipation of any funds and assets held by the Defendants.

45.     There is no adequate remedy at law, and NAS will be irreparably harmed if the Defendants do not provide payment of funds to NAS in an amount equal to the amount of a reserve of $922,349.31.  Further, unless, quia timet relief is granted immediately, it is likely that the Indemnitors are likely to sell, transfer, dispose of, lien, secure or otherwise divert or encumber their assets from being used to discharge their obligations to exonerate and indemnify NAS.

46.     Pursuant to its equitable rights as a surety, NAS is entitled to have the Defendants maintain the status quo by not misusing and/or dissipating their funds or assets.

47.     **WHEREFORE**, NAS respectfully requests that this Court enter judgment in its favor and against Defendants, and order that Defendants immediately pay NAS a reserve in the amount of $922,349.31, and any further relief this Court deems just and proper.

## COUNT IV – DECLARATORY JUDGMENT
**(Actual Case or Controversy)**

48.     Paragraphs 1 through 47 above are incorporated by reference as if set forth in full herein.

49.     There is an actual case or controversy between Plaintiff NAS and Defendants over Defendants' obligations to indemnify NAS as required by the GIA.

50.     NAS continues to accrue losses and damages in the form of legal fees and costs in pursuing indemnity which are recoverable under the terms of the GIA agreement between NAS and Defendants.

**WHEREFORE**, NAS respectfully requests that pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court enter a judgment declaring that Defendants The Phoenix Corporation,

TPC Glass, Inc., Weld Technology of Virginia, LLC, Richard D. Pollard, and Rita E. Pollard are jointly and severally obligated to indemnify NAS for all future losses, liability, costs and expenses, including attorney's fees, sustained by NAS pursuant to the Bonds.

**DATED**: September 29, 2017

Respectfully submitted,

**NORTH AMERICAN SPECIALTY INSURANCE COMPANY**

By Counsel

  /s/  Lauren P. McLaughlin
Lauren P. McLaughlin, Esq., VA Bar No. 44975
*Attorney for North American Specialty Ins. Co.*
BRIGLIAMCLAUGHLIN, PLLC
1950 Old Gallows Road, Suite 750
Vienna, Virginia 22182
Telephone: 703.506.1990
Facsimile: 703.506.1140
lmclaughlin@briglialaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of September, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Daniel R. Quarles, Esq.
Otey, Smith & Quarles
Busch Corporate Center
485 McLaws Circle
Williamsburg, VA 23185
Phone: 757-903-2665
Fax: 703-561-2378
Email address: dquarles@osqlaw.com
*Counsel for Defendants Randy D. Pollard and Rita E. Pollard*

   /s/   Lauren P. McLaughlin
Lauren P. McLaughlin, Esq., VA Bar No. 44975
*Attorney for North American Specialty Ins. Co.*
BRIGLIAMCLAUGHLIN, PLLC
1950 Old Gallows Road, Suite 750
Vienna, Virginia 22182
Telephone: 703.506.1990
Facsimile: 703.506.1140
lmclaughlin@briglialaw.com